**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1311**

BOUBACAR BARRY,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 30, 2010     Decided:  October 14, 2010

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Yurika S. Cooper, IMMIGRATION LAW GROUP, PC, Washington, D.C., for Petitioner.  Tony West, Assistant Attorney General, Carl H. McIntyre, Assistant Director, John J. W. Inkeles, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Boubacar Barry, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

Barry's asylum application was denied because it was untimely filed and he failed to establish extraordinary circumstances or changed conditions warranting the late filing. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or has established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009), cert. denied, 130 S. Ct. 1048 (2010); Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007). In any event, Barry fails to raise any challenge to the Board's finding that his asylum application was untimely. Thus, even if this court had jurisdiction to review that part of the Board's decision, Barry has waived review. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to raise a challenge in an opening brief results in

abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

An alien who has filed an untimely asylum application is still potentially eligible for the relief of withholding of removal. To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). The protected ground must be a central reason for being targeted for persecution. See Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009). Unlike asylum, withholding of removal is mandatory for anyone who establishes that his "life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2006). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony

3

on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

We conclude that the adverse credibility finding is supported by substantial evidence. Given the adverse credibility finding, we further conclude that the record does not compel a different result with regard to the denial of withholding of removal. We also note that Barry has waived review of the denial of withholding under the CAT by failing to raise any challenge to the denial in his opening brief. See Ngarurih, 371 F.3d at 189 n.7.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>